# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 3708 | DATE | 9/17/2002 |
| CASE TITLE | Meridian Rail Products vs. Amsted Industries, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order: Amsted's motion to dismiss (4-1) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 1 8 2002 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/17/2002 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MERIDIAN RAIL PRODUCTS CORP., )
)
Plaintiff, )
)
v. ) No. 02 C 3708
)
AMSTED INDUSTRIES, INC., )
)
Defendant. )

**DOCKETED**
**SEP 1 8 2002**

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Judge:

Meridian Rail Products Corp. ("Meridian") filed a complaint seeking a declaratory judgment that it had not infringed two patents held by Amsted Industries, Inc. ("Amsted"), or, in the alternative, that the patents are invalid. Presently before us is Amsted's motion to dismiss the complaint for failure to state a claim upon which relief may be granted. For the reasons set forth below, the motion to dismiss is denied.

BACKGROUND

Unless otherwise noted, the following facts from the complaint are assumed to be true for the purpose of deciding this motion to dismiss. Amsted is the current assignee of U.S. Patent No. 5,752,564 ("564 Patent") and U.S. Patent No. 5,954,114 ("114 Patent"). Both patents involve methods used to manufacture railway truck castings. The 564 Patent, issued on May 19, 1998 and entitled "Railway Truck Castings and Methods and Cores for Making Castings," covers the manufacturing of castings, sideframes, and bolsters (which together are used to fashion a railway

/ /

truck). The 114 Patent, issued on September 21, 1999, is entitled "Method of Making Railway Truck Bolsters."

As described by the parties in their briefs, this case has its origin in a previous litigation between Amsted and a different party. On November 13, 2000, Amsted filed a complaint in the Northern District of Illinois against ABC-NACO, Inc. ("ABC-NACO") for infringement of the 564 and 114 Patents. On August 23, 2001, Judge Conlon in the Northern District of Illinois held that ABC-NACO's bolster manufacturing methods infringed Amsted's 114 Patent, and she denied ABC-NACO's motion for summary judgment on the issue of patent invalidity. The 564 Patent infringement case was scheduled for trial on January 7, 2002. However, on October 18, 2001, ABC-NACO filed for bankruptcy. On November 2, 2001, Judge Conlon dismissed Amsted's complaint without prejudice with leave to reinstate upon disposition of ABC-NACO's bankruptcy proceedings.

In December 2001, newly-formed Meridian purchased certain assets of ABC-NACO in a bankruptcy sale.

On May 21, 2002, during a meeting between Amsted and Meridian executives, Amsted unequivocally stated its intention to sue Meridian for patent infringement should Meridian undertake the manufacture and sale of Meridian's newly designed lightweight sideframes and bolsters. Compl. ¶ 9. Furthermore, Amsted has informed Meridian's customers of its intention to sue for patent infringement. *Id.* Thereafter, Meridian filed the present four count complaint seeking a declaratory judgment that it has not infringed the 564 Patent or the 114 Patent and that the two patents are invalid.

Presently before us is Amsted's motion to dismiss Meridian's complaint. Amsted argues that Meridian's complaint fails to properly state a claim in that it does not identify the manufacturing method by which Meridian seeks to manufacture its sideframes and bolsters and that, therefore, Meridian cannot invoke declaratory judgment jurisdiction.[1]

## ANALYSIS

In considering a motion to dismiss under Rule 12(b)(1), we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). The issue "is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support the claims." *Id.* However, the presumption of correctness that attaches to the allegations of the complaint falls away once the Defendant offers evidence to call the correctness of jurisdiction into question. Therefore, the Plaintiff bears the burden of establishing the existence of subject matter jurisdiction. Furthermore, when a defendant challenges subject matter jurisdiction, we may properly look beyond the complaint and consider any evidence submitted on the issue.

The basis for Amsted's jurisdictional argument is that Meridian has failed to plead sufficient facts to demonstrate the existence of a case of actual controversy. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that a district court may declare the rights and legal obligations of an interested party only "[i]n a case of actual controversy." The Act enables an accused infringer who reasonably anticipates a legal risk because of an unresolved dispute to obtain judicial resolution of

---

[1] While Amsted has filed this motion to dismiss under Rule 12(b)(6), its argument actually pertains solely to subject matter jurisdiction. As such, Amsted's motion is more properly characterized as being under Rule 12(b)(1) and we shall consider it as such. This characterization, however, does not alter the outcome of this opinion.

3

the dispute without waiting for commencement of litigation by the patent owner. *BP Chemicals Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 977 (Fed. Cir. 1993).

The Federal Circuit has established a two prong test for determining whether a case of actual controversy exists in patent cases. First, a defendant's conduct must have created a *"reasonable apprehension* on the part of the declaratory plaintiff that it will face an infringement suit." *BP Chemicals Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1992) (emphasis supplied). Second, the declaratory plaintiff must show "present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *Id.*

## I. Reasonable Apprehension of Suit

Amsted claims that it is impossible for Meridian to have any reasonable apprehension of suit when Amsted is not actually aware of the methods used by Meridian in their manufacturing process. This prong of the case of actual controversy test, however, deals with the reasonable apprehension of the declaratory *plaintiff*. Thus, we are instructed to look only at Meridian's apprehension of Amsted's intentions. Amsted's argument turns this premise on its head: it claims that since it does not have any actual knowledge of the manufacturing methods used by Meridian it, Amsted, cannot reasonably intend to bring suit. We are, however, not concerned with Amsted's reasonableness. Rather, we are concerned about the objective reasonableness of *Meridian's* apprehension that Amsted intends to bring a patent infringement suit.

Meridian's apprehension of an impending suit from Amsted is clearly reasonable. Paragraph nine of Meridian's complaint and a supporting declaration by John Waite, Vice-Chairman of Meridian, demonstrate that Amsted, through its representatives, "unequivocally stated it intends to sue Meridian for patent infringement immediately upon Meridian's manufacture and sale of its newly

4

designed lightweight sideframes and bolsters." Compl. ¶ 9; Pla. Brief Ex. A. Amsted does not dispute that it made these statements. While it is true that Meridian's complaint does not literally use the words "reasonable apprehension of suit," there is no authority to suggest that such literalness is required. Meridian's apprehension of an impending suit from Amsted is a legitimate, obvious, and reasonable inference from the complaint's allegations.

Amsted has a misplaced reliance on our decision in *Field Container Company., L.P. v. Somerville Packaging Corporation*, 842 F.Supp. 338, 341 N.3 (N.D. Ill. 1994)(Aspen, J.). In *Field Container*, in dicta, we found that a number of factors weighed against finding that the plaintiff had a reasonable apprehension of impending suit. Those factors included the absence of an express threat to sue and the absence of contact between the defendant and the declaratory plaintiff's customers. Perhaps most importantly, however, we noted that the plaintiff failed to alleged such apprehension in the complaint. Each of those factors is not present in the instant suit. First, in the instant case there was an expressed and unequivocal threat to sue. Second, Meridian has alleged that Amsted has contacted Meridian's customers about Amsted's intent to sue. Finally, unlike the plaintiff in *Field Container*, Meridian has made these allegations in its complaint and not merely in its response to the motion to dismiss. As such, *Field Container* is easily distinguishable.

## II. Activity Potentially Constituting Infringement

The next step in determining the existence of a case of actual controversy requires Meridian to show "present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *BP Chemicals Ltd.*, 4 F.3d at 978. Amsted argues that Meridian's complaint is deficient because it does not describe the specific manufacturing method it uses to produce its products. Without identifying these methods, according to Amsted, it is impossible to

discern whether or not Meridian is using potentially infringing methods. Meridian counters that it will identify its manufacturing methods during discovery and after the entry of a protective order. In the meantime, Meridian claims that nothing in the Federal Rules or the Declaratory Judgment Act requires it to disclose its proprietary manufacturing methods in a publicly available complaint. We agree with Meridian.

The second prong of the case of actual controversy requirement should be read, along with the first, as limiting the availability of declaratory relief to only the most ripe cases – that is, only those cases in which a declaratory plaintiff has acted in some way that might bring imminent litigation. There is simply no reason to assume (and no precedential authority to require) that the second prong should instead be read to establish a heightened pleading requirement on the plaintiff over and above the notice pleading requirements of the Federal Rules of Civil Procedure. The focus of the second prong is in identifying the *present activity* of the declaratory plaintiff. It is not, as Amsted would have us believe, a requirement that the declaratory plaintiff divulge its (potentially non-infringing) manufacturing processes on the face of the complaint.

The *present activity* by Meridian which could constitute infringement is clearly identified in its complaint: "Meridian currently manufactures and sells lightweight sideframes and bolsters." Compl. ¶ 10. It is with regard to this specific activity that Amsted allegedly threatened Meridian with a patent infringement suit. Compl. ¶ 9. Meridian need not specify its precise manufacturing methods at this early stage in the litigation.[2]

---

[2]We note in passing that not one of the cases cited by Amsted (or cited excerpts therein) in support of its interpretation of the second prong is directly on point. In each case, the cited language fails to directly support the narrow reading Amsted espouses. *See, e.g., International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1215 (7th Cir. 1980); *Evans Med. Ltd. v. American Cyanamid Co.*, 980 F.Supp. 132, 138 (S.D.N.Y. 1997).

6

As an alternative basis for its motion to dismiss, Amsted urges us to dismiss this case until the bankruptcy proceedings regarding ABC-NACO are complete. Thereafter, argues Amsted, the ABC-NACO patent litigation before Judge Conlon and the present litigation can be joined. We decline to exercise our discretion in this manner. While the patents at issue in the two suits are identical, there is no reason to believe that the cases could somehow be joined at a later date. The parties in each case are different. Moreover, the case before Judge Conlon has already been dismissed (with leave to reinstate upon completion of the bankruptcy proceedings). It would be non-sensible for us to dismiss the present case based upon the possibility that it could one day be consolidated with another dismissed suit when and if the other suit is ever reinstated. If Amsted is concerned about conflicting judicial determinations regarding its 564 Patent and 114 Patent, it can rest assured that such conflict is best address through the principles of collateral estoppel and res judicata.

## CONCLUSION

For the foregoing reasons, Amsted's motion to dismiss is denied. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 9/17/02